■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON V. TUCKER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 2, 1987, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree.

Defendant was indicted for burglary in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree for his alleged participation in the theft of household items from 290 Orange Street in the City of Albany on May 15, 1986. A jury convicted him of only the possession of stolen property charge. County Court found defendant to be a persistent felony offender and sentenced him to 15 years to life in prison. Defendant appeals.

Defendant first contends that County Court erred in failing to suppress the alleged stolen property. The testimony at the suppression hearing, apparently credited by County Court, establishes that after receiving a phone call reporting a possible burglary at 290 Orange Street, two police officers responded to the scene in their police car. Upon turning onto Orange Street, a one-way street, the officers observed a vehicle beginning to travel backwards from in front of 290 Orange Street at about 20 to 25 miles per hour in the wrong direction. The police officers ordered the vehicle to stop, which it did, and the two occupants to get out of the car. The officers observed a television set, partially obscured by a blanket, in the back seat. One officer frisked defendant, the passenger in the car, and found two rings and a chain. The driver consented to a search of the car's trunk, where a stereo and other items identified as being stolen from 290 Orange Street were found. *Miranda* warnings were given and defendant and the driver were placed under arrest. Considering the report of a possible burglary of a home at 290 Orange Street, the illegal manner in which the car was driven *(see,* Vehicle and Traffic Law § 1127 [a]) and the partially obscured television set in plain view in the car, we believe that the police could have reasonably concluded that it was more likely than not that a crime had been committed, that defendant was involved and that defendant was dangerous. Accordingly, there was sufficient cause for the initial stop of the vehicle and subsequent frisk and arrest of defendant *(see, e.g.,* CPL 140.10 [1] [b]; 140.50 [3]; *People v Hill,* 146 AD2d 823, 824, *lv denied* 73 NY2d 1016) so that suppression was properly denied.

We also reject defendant's claim that County Court erred in its *Sandoval* ruling by permitting the prosecution to inquire

about a 1976 conviction for robbery in the second degree. Considering that County Court prohibited the prosecution from inquiring into any of defendant's other convictions and that the robbery conviction shows that defendant placed his self-interest before that of society, we do not believe that County Court abused its discretion in its decision on this issue *(see, e.g., People v Hemingway,* 152 AD2d 818, 820, *lv denied* 74 NY2d 810). The lapse of over 10 years from the subject conviction is not sufficient reason in and of itself to prohibit the prosecution from inquiring about its underlying facts *(see, People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872). Also contrary to defendant's contention, County Court's charge to the jury properly advised that the presumption provided for in Penal Law § 165.55 (1) is rebuttable. We also reject defendant's *pro se* contention that he was entitled to a missing witness charge.

In his *pro se* brief, defendant argues that his conviction for criminal possession of stolen property in the second degree should be reversed because of the statutory amendment to Penal Law § 165.45 which raised the monetary threshold from $250 to $1,000 (L 1986, ch 515, § 5), renamed the crime to criminal possession of stolen property in the fourth degree *(ibid.)* and was effective November 1, 1986 (L 1986, ch 515, § 11), prior to his sentencing. We agree. The amendment has been held ameliorative and applicable to a defendant who had not been sentenced at the time of its effective date *(see, People v Behlog,* 74 NY2d 237; *People v Samuels,* 162 AD2d 559), as occurs in this case. Since this case was tried on the theory that the value of the stolen property was in excess of $250, it strikes us as proper that the conviction be reduced to the lesser included offense of criminal possession of stolen property in the fifth degree *(see, People v Phillips,* 154 AD2d 731; *People v Jansen,* 145 AD2d 870, 871-872, *lv denied* 73 NY2d 923). This reduction to a class A misdemeanor *(see,* Penal Law § 165.40) requires remittal for resentencing so that we need not consider whether defendant was properly sentenced as a persistent felony offender.

Judgment modified, on the law, by reducing the conviction of criminal possession of stolen property in the second degree to a conviction of criminal possession of stolen property in the fifth degree; matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.