(October 25, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME P. MURPHY, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 10, 1986, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree.

Defendant was indicted for burglary in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree for his alleged participation in the theft of household items from 290 Orange Street in the City of Albany on May 15, 1986. A jury convicted him of only the possession of stolen property charge. County Court found defendant to be a second felony offender and sentenced him to an indeterminate term of imprisonment of 2 to 4 years.

Defendant contends that the *Allen* charge *(Allen v United States,* 164 US 492) was defective in that it was coercive and improperly influenced the jury. The court delivered the *Allen* charge on the second day of deliberation pursuant to a note from the jury foreman that the jury had reached an impasse. The essence of defendant's objection is that the charge was not balanced with a statement stressing that the verdict be the rational conclusion of each juror based upon all the evidence and not mere acquiescence in the views held by other jurors. We disagree. At trial, defendant failed to object or take an exception to County Court's *Allen* charge pursuant to CPL 470.05 (2), thereby failing to preserve for appellate review any issue with respect to the *Allen* charge. Further, we decline to exercise our authority to reverse in the interest of justice (CPL 470.15 [6] [a]), as we find that County Court's charge properly stressed the importance of each juror keeping an open mind to the arguments advanced by defendant and that each juror's determination be his individual verdict and not a mere acquiescence in the conclusions of the others *(see, e.g., People v Erickson,* 156 AD2d 760, 763, *lv denied* 75 NY2d 966).

We also reject defendant's claim that County Court failed to give meaningful supplemental instructions in response to jury inquiries, thereby denying defendant due process of law. Specifically, defendant alleges that the instructions on the jury's inquiry concerning the rebuttable presumption of intent *(see,*

Penal Law § 165.55 [1]) unduly prejudiced him by placing the burden of overcoming the presumption on him. In its supplemental charge in response to the specific inquiry, County Court stated: "This means that if you believe it to be a valid presumption, then it becomes part of the evidence and you can follow that presumption. If you don't believe it to be a valid presumption, then you should reject it and then it doesn't become a part of the evidence". We perceive no prejudice to defendant in these supplemental instructions.

Finally, although defendant has not raised this issue, we note that Penal Law § 165.45 was amended effective November 1, 1986 (L 1986, ch 515, § 11) to increase the monetary threshold from $250 to $1,000 (L 1986, ch 515, § 5) and rename the crime to criminal possession of stolen property in the fourth degree *(ibid.)*. In keeping with the Court of Appeals directive that this amendment was ameliorative and should be applied to a defendant, as herein, who had not been sentenced at the time of the effective date of the amendment *(see, People v Behlog,* 74 NY2d 237; *see also, People v Tucker,* 165 AD2d 900)*, we reduce defendant's conviction of criminal possession of stolen property in the second degree to a conviction of criminal possession of stolen property in the fifth degree *(see, People v Tucker, supra).* * Since defendant has served his sentence and been released, there is no need to remit for resentencing on the reduced crime, which is a class A misdemeanor for which the maximum sentence is less than that imposed and served. This determination makes it unnecessary for us to address defendant's contention concerning the propriety of the introduction of evidence as to the value of the stolen property.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the conviction of criminal possession of stolen property in the second degree to a conviction of criminal possession of stolen property in the fifth degree, and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* It should be noted that the defendant in *People v Tucker (supra)* was a codefendant of defendant herein.