■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL ORDINE, Also Known as JAY, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 17, 1989, (1) upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree and criminal facilitation in the second degree.

Defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the third degree. The charges stemmed from information provided by a police informant. On January 16, 1988, the informant went to defendant's home and purchased a quantity of cocaine for which he paid defendant $500. At the trial it developed that the informant had been cooperating with law enforcement officials in the hope of receiving lenient treatment for his own arrest for criminal drug sales in 1987.

On this appeal defendant asserts that County Court erred in failing to charge the jury that the informant's interest in the case should affect his credibility. We disagree. As County Court correctly observed, the requested charge would effectively instruct the jury that the informant's potential interest in the case made him a less credible witness as a matter of law. County Court properly instructed the jury that in evalu-

ating testimony of a witness his interest or lack of interest in the outcome of the case is a factor to be considered, thus leaving the ultimate determination of that fact for the jury (see, People v Jackson, 80 AD2d 904).

During the course of the trial, the People introduced into evidence a bank signature card of defendant and a deposit slip demonstrating that a $500 deposit was made into defendant's checking account on the day after the sale. Both items were produced at trial by the bank in compliance with a judicial subpoena. Defendant contends that those items were defendant's "property" and were required to be disclosed pursuant to CPL 240.20 (1) (f). We disagree. That section requires the People to disclose to a defendant, before trial, any property obtained *from* a defendant. The section does not apply to a defendant's property obtained from a source other than the defendant (see, People v McKay, 101 AD2d 960, 961).

We have examined defendant's other contentions and find them wholly without merit.

Mahoney, P. J., Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed.