■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PRICE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 20, 1990, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged and convicted of criminal sale of a controlled substance in the third degree arising out of events which occurred in the City of Albany on July 12, 1989. A

prison sentence of 12½ to 25 years was imposed on defendant as a second felony offender. On July 12, 1989, two Albany Police detectives met with a confidential informant who attempted to telephone defendant in order to set up a drug buy. The informant's call was unanswered so the detectives placed a body microphone on the informant, gave him $300, and drove him to Elizabeth and Osborne Streets. After having made a cocaine purchase from a woman, the informant went to Alexander Street where he noticed defendant lying on his car. A man named Pickens was in the back seat of defendant's vehicle. The informant talked to Pickens while defendant went into a house for 10 or 15 minutes to obtain a quarter ounce of cocaine for $240, which was the agreement made between the informant and defendant. When defendant left the house, he threw a bag containing white powder on the ground behind his car and the informant picked it up, paid defendant and delivered the bag and powder to the police officers a couple of blocks away. The bag was later determined to contain cocaine. The officers testified that the informant was out of their view for only 45 seconds prior to his transaction with defendant. One of the officers testified to overhearing the entire conversation relative to the cocaine sale.

Defendant argues on this appeal that this evidence is legally insufficient to support the jury's verdict. Defendant's claim is based on the lack of credibility that should be accorded the informant because of the informant's drug use, which he allegedly lied about. It was the jury's function to assess the credibility of the informant and there is no reason to disturb its conclusion (see, People v Ordine, 177 AD2d 734, lv denied 79 NY2d 951). The proof outlined above, which was obviously accepted by the jury, provides ample basis for the jury's verdict (see, People v Dieppa, 176 AD2d 1076, lv denied 79 NY2d 855).

Additionally, defendant argues that the Allen charge, given by County Court when the jury had apparently reached an impasse, was coercive. In our view, the charge as given was fair and balanced and did not coerce or pressure the jurors (see, People v Pagan, 45 NY2d 725), but rather "stressed the importance of each juror keeping an open mind to the arguments advanced by defendant" (People v Murphy, 166 AD2d 805).

As to defendant's claim of the excessiveness of his sentence, we likewise find no merit. Defendant was a second felony offender who was found guilty of a sale of cocaine. We find no reason to disturb the sentence imposed (see, People v Farrar,

52 NY2d 302, 305; *People v Acosta,* 180 AD2d 505, 510, *lv denied* 80 NY2d 827).

We have examined defendant's *pro se* brief and have found his arguments lacking in merit. We mention only that we disagree with defendant's contention that a *Wade* hearing was necessary in regard to a number of photographs of defendant taken after the drug transaction. The photographs were merely a confirmatory identification because the informant knew defendant for a number of years prior to July 12, 1989 *(see, People v Newball,* 76 NY2d 587). The judgment of conviction should be affirmed in all respects.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.