■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONDE LINDSAY, Appellant. [672 NYS2d 577] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [4]), defendant contends that Supreme Court erred in denying his motion to suppress a stolen .25 caliber automatic pistol. Defendant contends that the police pursuit was unlawful because it was not supported by reasonable suspicion, and that he discarded the gun in response to unlawful police pursuit.

The motion to suppress the gun was properly denied. In approaching a group of men crouching on the sidewalk, police were exercising their common-law right to inquire, which requires only a founded suspicion that criminal activity is afoot (*see, People v Stewart,* 41 NY2d 65, 69; *People v De Bour,* 40 NY2d 210, 215). Police had a founded suspicion of criminal activity based on an anonymous phone tip regarding gambling activity at that location (*see, People v Benjamin,* 51 NY2d 267, 270; *People v Stewart, supra,* at 69). Once they observed conduct indicative of an illegal dice game (*see,* Penal Law § 240.35 [2]; *Matter of Curtis H.,* 216 AD2d 173, 174; *People v King,* 102 AD2d 710, 710-711, *affd* 65 NY2d 702; *see generally,* Penal Law § 225.30 [2]), the officers had reasonable suspicion that a crime was being committed (*see, People v Holmes,* 81 NY2d 1056, 1057-1058, citing *People v Martinez,* 80 NY2d 444, 447; *see also, People v Leung,* 68 NY2d 734, 736).

Immediately upon seeing the officers, the group dispersed. Defendant, who was carrying a small black bag away from the dice game, left the group and walked across the street through a vacant lot. "Flight, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, [provides] the predicate necessary to justify pursuit"

(*People v Holmes, supra*, at 1058). In pursuing defendant, one of the officers observed that defendant repeatedly looked back, refused to heed requests to stop, concealed his left hand, and then dropped something in the grass. When the officer saw that the object dropped by defendant was a gun, he had probable cause to arrest defendant. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Green, Pigott, Jr., and Fallon, JJ.