■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOCELYN BROWN-FORT, Appellant. [786 NYS2d 233]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 13, 2002, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Officers of the Albany County Sheriff's Department conducted a controlled buy of crack cocaine with the aid of a confidential informant who first made contact with defendant by telephone and then met her at a convenience store where the buy occurred. Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree and County Court sentenced her to a prison term of 4 to 12 years. She now appeals.

Defendant's contention that the evidence was legally insufficient to support her conviction because the People failed to establish the chain of custody of the substance that the informant allegedly obtained from her is based primarily on a challenge to the informant's credibility and his failure to positively identify the substance obtained from defendant as crack cocaine. It was, however, the jury's function to assess the credibility of the informant and there is no apparent reason to disturb its conclusion here (*see People v Ordine,* 177 AD2d 734, 734-735 [1991], *lv denied* 79 NY2d 951 [1992]).

The informant testified that he recognized the exhibit in question as the substance given to him by defendant in exchange for $50 inside the convenience store. He was extensively cross-examined regarding his criminal record and how he obtained the substance that was passed to police, analyzed and found to be crack cocaine, giving the jury ample opportunity to assess his credibility. Moreover, the testimony of the informant and the police officers who later came in contact with the substance constituted reasonable assurance that the proffered evidence was, in fact, the substance purchased from defendant (*see People v Tillie,* 239 AD2d 670, 673 [1997], *lv denied* 91 NY2d 881 [1997]). Any claimed deficiencies with respect to the chain of custody go to the weight the jury may accord the evidence and not its admissibility (*see People v Battistini,* 306 AD2d 636, 638 [2003], *lv denied* 1 NY3d 568 [2003]). Further, considering the evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

Finally, we find no extraordinary circumstances or abuse of County Court's discretion warranting a modification of the sentence imposed (*see People v Bell,* 290 AD2d 729, 729-730 [2002]; *People v Morris,* 275 AD2d 818, 818 [2000], *lv denied* 96 NY2d 737 [2001]).

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.