◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE V. CANALES, Appellant. [852 NYS2d 513]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 21, 2003. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court abused its discretion in denying his motion to vacate the plea. We reject that contention. In the absence of some evidence of innocence, fraud, or mistake in the inducement of the plea, the decision whether to permit a defendant to withdraw a plea of guilty

rests solely within the court's discretion (*see People v Thomas*, 17 AD3d 1047 [2005], *lv denied* 5 NY3d 770 [2005]). In support of his motion, defendant challenged the factual sufficiency of the plea allocution based on a potential justification defense raised during the plea allocution. That challenge lacks merit. "The record establishes that, when defendant made statements that raised the possibility of a justification defense, the court advised defendant that he had the right to present a justification defense at trial, and properly conducted a sufficient further inquiry to ensure that the plea was knowing and voluntary" (*People v Greer*, 277 AD2d 1051 [2000], *lv denied* 96 NY2d 829 [2001]; *cf. People v Ponder*, 34 AD3d 1314 [2006]). We reject the further contention of defendant in support of his motion that he was entitled to withdraw the plea because he was unaware of the immigration consequences of his plea at the time he entered the plea. We reject that contention as well, inasmuch as the immigration consequences of a plea do "not affect the voluntariness of the plea or warrant its vacatur" (*People v Klein*, 11 AD3d 959, 959 [2004]). Finally, defendant contends that he was denied effective assistance of counsel based on the failure of his two attorneys to advise him of the immigration consequences of the plea. To the extent that the contention of defendant survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it lacks merit (*see People v Ford*, 86 NY2d 397, 405 [1995]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.