■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILSON, Appellant. [853 NYS2d 773]—

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Contrary to the contention of defendant, Supreme Court properly refused to suppress the gun that he threw behind a couch as the police pursued him into the residence of an acquaintance. "[A] 'defendant's flight may be considered in conjunction with other attendant circumstances' in determining whether reasonable suspicion justifying a seizure exists" (*People v Pines*, 99 NY2d 525, 527 [2002], quoting *People v Martinez*, 80 NY2d 444, 447-448 [1992]). Here, a police officer's observation of a gun in defendant's waistband in conjunction with defendant's flight provided "reasonable suspicion that defendant may have been engaged in criminal activity justifying police pursuit" (*People v Cruz*, 14 AD3d 730, 732 [2005], *lv denied* 4 NY3d 852 [2005]). Defendant's abandonment of the weapon during the

ensuing police pursuit provided the police with probable cause to arrest defendant (*see People v Wilson*, 5 AD3d 408, 409 [2004], *lv denied* 2 NY3d 809 [2004]).

We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we reject the contention of defendant that the court erred in denying his pro se motion to set aside the verdict pursuant to CPL 330.30 without conducting a hearing. In seeking that relief, defendant contended that the People failed to produce *Brady* material and that he was denied the right to effective assistance of counsel based on defense counsel's failure to seek discovery of that alleged *Brady* material. "[O]nly a claim of error that is properly preserved for appellate review will provide a basis to modify the verdict" (*People v Thomas*, 242 AD2d 281 [1997], *lv denied* 90 NY2d 1014 [1997]), and defendant's contention with respect to the People's failure to produce *Brady* material is not preserved for our review (*see People v Thomas*, 8 AD3d 303 [2004], *lv denied* 3 NY3d 682 [2004]). Defendant's contention with respect to ineffective assistance of counsel involves matters outside the record on appeal, and thus the proper procedural vehicle for raising that claim is by way of a motion pursuant to CPL 440.10 (*see People v Johnson*, 24 AD3d 1257 [2005], *lv denied* 6 NY3d 814 [2006]). Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.