■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK ANDERSON, Appellant. [879 NYS2d 784]—Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), rendered November 29, 2005. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's challenge to the factual sufficiency of the plea allocution. Defendant was indicted on charges of, inter alia, murder in the second degree (§ 125.25 [1], [2]), and " '[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed' " (*People v Turner*, 16 AD3d 1150 [2005], *lv denied* 5 NY3d 770 [2005], quoting *People v Clairborne*, 29 NY2d 950, 951 [1972]). We reject the further contention of defendant that County Court

abused its discretion in denying his motion to withdraw his plea. "In the absence of some evidence of innocence, fraud, or mistake in the inducement of the plea, the decision whether to permit a defendant to withdraw a plea of guilty rests solely within the court's discretion" (*People v Canales*, 48 AD3d 1105, 1105-1106 [2008], *lv denied* 10 NY3d 860 [2008]; *see* CPL 220.60 [3]). The record establishes that defendant discussed the plea with defense counsel and that he understood the consequences of his plea and was not threatened or coerced into entering the plea. Finally, defendant's bargained-for sentence is not unduly harsh or severe. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.