■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL M. SMITH, Appellant. [907 NYS2d 889]—

Malone Jr., J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 5, 2009, convicting defendant upon his plea of guilty of the crime of failure to register under the Sex Offender Registration Act.

Defendant was convicted in 1996 of sexual abuse in the second degree, which required him to register under the Sex Offender Registration Act (*see* Correction Law art 6-C). He was convicted of failure to register in 2006 (*see* Correction Law § 168-t). Two years later, he again failed to comply with the registration requirements and was charged in an indictment with two counts of failure to register. Defendant pleaded guilty to one of the counts in satisfaction of the indictment and, as agreed, was sentenced to a jail term of one year.

Upon this appeal, defendant argues that the indictment was jurisdictionally defective due to the People's failure to file a special information alleging that he had previously been convicted of failure to register, as required to raise the offenses charged from class E to class D felonies (*see* Correction Law § 168-t; CPL 200.60 [2]). The People did not seek to rely upon the prior conviction, however, and defendant pleaded guilty to failure to register as a class E felony. In any event, "an indictment is not rendered jurisdictionally defective even when the prosecution has failed to file a required special information and such a defect is deemed waived by defendant's knowing and vol-

untary guilty plea" (*People v Williamson*, 301 AD2d 860, 862 [2003], *lv denied* 100 NY2d 567 [2003]; *see People v Downs*, 26 AD3d 525, 526 [2006], *lv denied* 6 NY3d 847 [2006]).

Mercure, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.