# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

966
KA 11-01766
PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER PRICE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 5, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and escape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that he was forcibly stopped in the absence of the requisite reasonable suspicion and thus that Supreme Court erred in refusing to suppress the gun that defendant dropped during a struggle with police. We reject that contention. The record establishes that police officers responded to a report of a black male in his twenties standing near a silver Grand Prix holding a gun, with two younger males approaching him. Defendant was observed standing near a silver Grand Prix with two other males at a gas station that was one block from the reported incident. Based upon the observation of one officer that defendant was acting suspiciously, another officer asked defendant whether he would answer a couple of questions and permit her to ensure that he did not have a weapon. Although defendant initially complied with the request by placing his hands on the wall, he fled the scene before the pat-down search commenced. He was tackled on the street shortly thereafter by another police officer who was exiting a building on the street and observed defendant running toward him and removing a gun from his waistband.

We reject defendant's contention that the initial encounter constituted a level-three forcible stop without the requisite reasonable suspicion that he was involved in a crime (*see generally*

*People v Moore*, 6 NY3d 496, 498-499; *People v De Bour*, 40 NY2d 210, 223).  Inasmuch as defendant matched the physical description of the person reported to have a gun and was observed in proximity of a silver Grand Prix, and "based upon defendant's physical and temporal proximity to the scene of the reported incident" (*People v McKinley*, 101 AD3d 1747, 1748), we conclude that the police initially had a common-law right of inquiry based upon a founded suspicion that criminal activity was afoot (*see id.*; *see generally People v Garcia*, 20 NY3d 317, 322; *People v Hollman*, 79 NY2d 181, 185).  The court properly determined that the police thereafter had the requisite reasonable suspicion that defendant "may be engaged in criminal activity" based upon those factors, together with defendant's flight from police (*People v Sierra*, 83 NY2d 923, 929; *cf. People v Cady*, 103 AD3d 1155, 1156; *People v Riddick*, 70 AD3d 1421, 1422-1423, *lv denied* 14 NY3d 844).  Probable cause for defendant's arrest was established when a police witness observed defendant pull a gun from his waistband while fleeing from the police (*see generally Moore*, 6 NY3d at 498-499).  We therefore reject defendant's further contention that his statement to the police was the product of an illegal seizure and also should have been suppressed.

Contrary to defendant's contention, the court properly determined that the identifications of defendant by four police witnesses from a photograph at the grand jury were confirmatory, and thus properly denied his request for a *Wade* hearing to determine whether there was an independent basis for each of the identifications (*see People v Wharton*, 74 NY2d 921, 923).  The grand jury minutes and the record of the suppression hearing establish that each of the four witnesses was involved in the apprehension and arrest of defendant and that two of the witnesses accompanied defendant for medical treatment.  We therefore conclude that the record establishes that each of the officers had the opportunity to observe defendant at close range and in broad daylight (*cf. People v Boyer*, 6 NY3d 427, 432-433).  A *Wade* hearing is not warranted where, as here, the "risk of undue suggestiveness is obviated [because] the identifying officer[s'] observation[s] of the defendant . . . could not be mistaken" (*id.* at 432).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court