# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

358

KA 13-00328

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

CHE A. VILLAR, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered December 4, 2012. The judgment convicted defendant, upon his plea of guilty, of promoting a sexual performance by a child (three counts) and failure to register as a sex offender.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of promoting a sexual performance by a child (Penal Law § 263.15). We reject defendant's contention that his waiver of the right to appeal was invalid. County Court " 'expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea' " (*People v Porter*, 55 AD3d 1313, 1313, *lv denied* 11 NY3d 899). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (*see id*.). To the extent that defendant's contention that the court erred in denying his motion to withdraw his plea of guilty survives the valid waiver of the right to appeal (*see People v Barnello*, 56 AD3d 1214, 1215, *lv denied* 12 NY3d 780), we conclude that it lacks merit (*see People v Canales*, 48 AD3d 1105, 1105-1106, *lv denied* 10 NY3d 860).

Entered: March 28, 2014                         Frances E. Cafarell
                                                Clerk of the Court