# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**412**
**KA 11-00309**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEVE J. GRAY, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered November 22, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress physical evidence because the testimony of the police officer who stopped him was not credible and, absent that officer's testimony, the People failed to meet their initial " 'burden of going forward to show the legality of the police conduct in the first instance' " (*People v Plumley*, 111 AD3d 1418, 1420, *lv denied* 22 NY3d 1140, quoting *People v Berrios*, 28 NY2d 361, 367). We reject that contention. "In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous" (*People v Stokes*, 212 AD2d 986, 987, *lv denied* 86 NY2d 741; *see People v Mejia*, 64 AD3d 1144, 1145, *lv denied* 13 NY3d 861; *see generally People v Prochilo*, 41 NY2d 759, 761). Contrary to defendant's contention, the "minor discrepancies in [the] suppression hearing testimony [of the arresting officer] do not warrant disturbing the court's determination" (*People v Mills*, 93 AD3d 1198, 1199, *lv denied* 19 NY3d 964), and the court's determination is not clearly erroneous. Consequently, we conclude that the People met their initial burden and, because defendant failed to meet his "ultimate burden of proving that the [seized] evidence should not be used against him" (*Berrios*, 28 NY2d at 367), the court properly refused to suppress the handgun

that defendant discarded while fleeing from the police.