# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**369**

**KA 11-00939**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

JOHN GAYDEN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 3, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress the weapon he discarded while he was being pursued by the police. We reject that contention. According to the evidence at the suppression hearing, there was a radio dispatch concerning an anonymous tip that two individuals were carrying handguns in a certain location, and a police officer who arrived at the scene less than two minutes after the dispatch observed that defendant and another individual matched the general description of the suspects and were within a block of the location described in the tip. The officer thus had a founded suspicion that criminal activity was afoot, justifying his initial common-law inquiry of defendant (*see People v Price*, 109 AD3d 1189, 1190, *lv denied* 22 NY3d 1043; *see generally People v Stewart*, 41 NY2d 65, 69). Defendant's flight upon seeing the officer exit his vehicle provided the officer with the requisite reasonable suspicion of criminal activity to warrant his pursuit of defendant (*see Price*, 109 AD3d at 1190). Defendant dropped the gun during the pursuit, which gave rise to probable cause to arrest defendant (*see People v Wilson*, 49 AD3d 1224, 1224-1225, *lv denied* 10 NY3d 966; *People v Lindsay*, 249 AD2d 937, 938, *lv denied* 92 NY2d 900), and "the recovery of the gun

discarded during [defendant's] flight was lawful inasmuch as the officer's pursuit . . . of defendant [was] lawful" (*People v Norman*, 66 AD3d 1473, 1474, *lv denied* 13 NY3d 940).

Entered:  March 27, 2015                    Frances E. Cafarell
                                           Clerk of the Court