# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1276**
**KA 14-01686**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MICHAEL LAYOU, DEFENDANT-APPELLANT.

---

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, NEW YORK CITY (ROSS E. WEINGARTEN OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an amended judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 14, 2014. The amended judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an amended judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). On a prior appeal, we concluded that defendant was deprived of effective assistance of counsel by the attorney assigned to represent him at a suppression hearing, inasmuch as counsel, inter alia, " 'never supplied the hearing court with any legal rationale for granting suppression' " (*People v Layou*, 114 AD3d 1195, 1198, quoting *People v Clermont*, 22 NY3d 931, 933). We therefore remitted the matter to County Court for " 'further proceedings on the suppression application, to include legal argument by counsel for both parties and, if defendant so elects, reopening of the hearing' " (*id.*, quoting *Clermont*, 22 NY3d at 934).

Upon remittal, the court reopened the suppression hearing and heard testimony from four defense witnesses, including defendant, none of whom had testified at the first suppression hearing. Following the hearing, both sides submitted memoranda of law in support of their positions. The court again denied the motion. Defendant now contends that the court erred in denying his motion to suppress physical evidence because, among other reasons, the testimony of the arresting officer was not credible. More specifically, defendant contends that, contrary to the officer's testimony at the hearing, defendant's vehicle was not illegally parked when the officer made his initial

approach, and that the approach was therefore unlawful inasmuch as it was not "undertaken for an objective, credible reason" (*People v Ocasio*, 85 NY2d 982, 984).  We reject that contention.

It is well settled that great deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its factual findings should not be disturbed unless clearly erroneous (*see People v Prochilo*, 41 NY2d 759, 761; *People v Pitsley*, 185 AD2d 645, 645, *lv denied* 81 NY2d 792).  Here, the arresting officer testified that he approached defendant's vehicle because it was parked in a municipal lot directly in front of a "No Parking" sign.  Contrary to defendant's contention, there is nothing about the officer's testimony in that regard that is "unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v James*, 19 AD3d 617, 618, *lv denied* 5 NY3d 829).  In fact, the officer's testimony was corroborated by that of defendant's former attorney, who testified at the suppression hearing that, when he went to the parking lot in question approximately 15 months after defendant's arrest, he observed a "No Parking" sign "underneath some snow and ice and other materials", with its metal pole having been bent flat to the ground.  Even assuming, arguendo, that the sign was in that condition when the officer approached defendant's parked vehicle, we note that, as the officer testified, no parking was allowed in the lot.  Moreover, it is immaterial whether other people regularly parked illegally in the lot, as defendant's remaining witnesses testified.  We thus conclude that the court properly rejected defendant's contention that the officer lacked an objective, credible reason to approach the vehicle, and properly denied his motion to suppress contraband recovered from the vehicle and defendant's person.

Finally, we reject defendant's remaining contention that the indictment should be dismissed based on our prior finding that he was deprived of effective assistance of counsel at the first suppression hearing.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court