# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

119
KA 14-00403
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

MICHAEL HOGAN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered February 10, 2014. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (§ 221.05), defendant contends that County Court erred in denying his motion to suppress the loaded handgun seized by the police from his vehicle. We reject that contention. It is undisputed that the two arresting officers lawfully stopped defendant's vehicle, which had excessively tinted windows in violation of Vehicle and Traffic Law § 375 (12-a) (b). The officers testified at the suppression hearing that, upon approaching defendant's vehicle after the stop, they detected an odor of marihuana emanating from the vehicle, in which defendant was the sole occupant. After determining that defendant's license was suspended, which provided probable cause for his arrest, one of the officers asked defendant whether he had anything on him that the officer should know about. In response, defendant said that he had "some blunts" on him. The officer then removed defendant from the vehicle and found a small bag of marihuana in defendant's pocket. During a subsequent search of the vehicle, the officers found a loaded firearm in the glove box.

As defendant acknowledges, the "odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (*People v Cuffie*, 109 AD3d

1200, 1201 [internal quotation marks omitted], *lv denied* 22 NY3d 1087; *see People v Black*, 59 AD3d 1050, 1051, *lv denied* 12 NY3d 851).  Here, both arresting officers testified that they had been trained in the detection of marihuana by its odor, and both claimed to have smelled marihuana in or about defendant's vehicle.  Defendant nevertheless contends that the officers' testimony that they smelled marihuana is not credible, and that the search of the vehicle was therefore unlawful.  According to defendant, it is simply "incredible that a one inch square of marihuana in a plastic bag in [his] pocket could have produced an odor that could have been detected from outside" the vehicle.

It is well settled, however, that "great deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its factual findings should not be disturbed unless clearly erroneous" (*People v Layou*, 134 AD3d 1510, ___; *see People v Prochilo*, 41 NY2d 759, 761; *People v Gray*, 126 AD3d 1541, 1541).  Here, the suppression court credited the officers' testimony that they smelled marihuana and, based on our review of the record, we cannot conclude that the court's determination in that regard was clearly erroneous or that the officers' testimony is incredible as a matter of law.

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court