# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**483**

**KA 13-00990**

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V
                                                MEMORANDUM AND ORDER

CHRISTOPHER MCCREA, DEFENDANT-APPELLANT.

---

MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Michael F. Griffith, J.), rendered April 3, 2013. The judgment convicted defendant, upon his plea of guilty, of perjury in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of perjury in the first degree (Penal Law § 210.15). We reject defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256). "County Court expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (*People v Thompson*, 83 AD3d 1535, 1535 [internal quotation marks omitted]; *see People v Villar*, 115 AD3d 1361, 1361, *lv denied* 23 NY3d 1044). Defendant's challenge to the factual sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Oberdorf*, 136 AD3d 1291, 1292; *People v Rosado*, 70 AD3d 1315, 1316, *lv denied* 14 NY3d 892). In any event, defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see Oberdorf*, 136 AD3d at 1292; *People v Wackwitz*, 93 AD3d 1220, 1221, *lv denied* 19 NY3d 868).

Entered: June 10, 2016                          Frances E. Cafarell
                                                Clerk of the Court