# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1161
KA 14-01968
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MARSHALL DANIELS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered July 21, 2014. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress the gun that he discarded while he was being pursued by the police, as well as statements that he made to the police after his arrest. We reject that contention.

" 'Great weight must be accorded to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous or unsupported by the hearing evidence' " (*People v Johnson*, 138 AD3d 1454, 1454, *lv denied* 28 NY3d 931; *see People v Layou*, 134 AD3d 1510, 1511, *lv denied* 27 NY3d 1070, *reconsideration denied* 28 NY3d 932). At the suppression hearing, two police officers testified that they were traveling in a marked patrol vehicle on a warm summer day when they observed defendant walking down the street wearing black gloves. When the officer who was operating the vehicle slowed down, defendant turned and looked at the vehicle, and he then pulled out a gun and started to run. The officer stopped the vehicle, and the other officer exited the vehicle, pursued defendant on foot, and observed defendant throw the gun toward a house. Eventually, defendant was apprehended and a loaded gun was recovered from the lawn outside the house.

We conclude that the presence of a gun on defendant's person combined with his flight gave the police " 'reasonable suspicion that defendant may have been engaged in criminal activity justifying police pursuit' " (*People v Wilson*, 49 AD3d 1224, 1224, *lv denied* 10 NY3d 966; *see People v Knight*, 94 AD3d 1527, 1529, *lv denied* 19 NY3d 998). Defendant's abandonment of the gun during that pursuit provided the police with probable cause for defendant's arrest (*see People v Gayden*, 126 AD3d 1518, 1518-1519, *affd* 28 NY3d 1035; *Wilson*, 49 AD3d at 1224-1225), and their recovery of the abandoned gun was lawful inasmuch as the pursuit of defendant was lawful (*see Gayden*, 126 AD3d at 1519). Furthermore, because the officers' conduct was lawful, the court properly refused to suppress as fruit of the poisonous tree the oral statements defendant made to the police after his arrest (*see People v Sims*, 106 AD3d 1473, 1474, *appeal dismissed* 22 NY3d 992).

We also reject defendant's contention that the conviction is not supported by legally sufficient evidence because of breaks in the chain of custody of the gun recovered from the lawn of the house. It is well settled that "breaks in the chain of custody affect only the weight to be given to that evidence" (*People v Craven*, 48 AD3d 1183, 1185, *lv denied* 10 NY3d 861; *see People v Brown-Fort*, 13 AD3d 731, 732; *see generally People v Jefferson*, 125 AD3d 1463, 1464, *lv denied* 25 NY3d 990). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.

Entered:  February 3, 2017                      Frances E. Cafarell
                                                Clerk of the Court