# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**174**
**KA 15-01886**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

VERNON J. DIXON, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 12, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree (two counts), menacing in the second degree and attempted menacing a police officer or peace officer.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon an *Alford* plea of, inter alia, attempted menacing a police officer or peace officer (Penal Law §§ 110.00, 120.18), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that County Court erred in accepting his *Alford* plea because the record does not contain the requisite strong evidence of guilt or establish that the plea was the product of a voluntary and rational choice (*see generally People v Couser*, 28 NY3d 368, 379). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Elliott*, 107 AD3d 1466, 1466, *lv denied* 22 NY3d 996; *People v Cruz*, 89 AD3d 1464, 1465, *lv denied* 18 NY3d 993), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Zimblis*, 23 AD3d 1086, 1087, *lv denied* 6 NY3d 783).

Defendant further contends that the counts of the indictment charging criminal possession of a weapon in the third degree are defective because they expressly allege that he was previously convicted of a crime, in violation of CPL 200.60 (1). That defect, however, is not jurisdictional in nature (*see generally People v Dickinson*, 78 AD3d 1237, 1239, *revd on other grounds* 18 NY3d 835; *People v Smith*, 77 AD3d 990, 990-991, *lv denied* 16 NY3d 746), and thus defendant's contention was forfeited by his plea (*see People v Cox*,

275 AD2d 924, 925, *lv denied* 95 NY2d 962).

To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea (*see generally People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869), we reject that contention. Defendant has not established that defense counsel was ineffective in failing to move to dismiss the counts charging criminal possession of a weapon in the third degree (*see generally People v Campbell*, 17 AD3d 925, 926-927, *lv denied* 5 NY3d 760), and we conclude that "counsel engaged in an active defense prior to [the negotiation of] the *Alford* plea, which was reasonable in its terms" (*People v Preister*, 39 AD3d 1225, 1226). Even assuming, arguendo, that defendant's entry of his plea while represented by his second attorney did not forfeit his right to contend that he was denied effective assistance by his first attorney's failure to advise him of his right to testify before the grand jury (*cf. People v Ortiz*, 104 AD3d 1202, 1203), we conclude that his contention is based on matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (*see People v Gaston*, 100 AD3d 1463, 1466; *People v Frazier*, 63 AD3d 1633, 1634, *lv denied* 12 NY3d 925). The sentence is not unduly harsh or severe.

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court