# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

494

KA 14-01973

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER WHEELER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 10, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting defendant upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress evidence located during a compliance check by his parole officer, as well as statements that he made to the parole officer and to the police after his arrest. We reject that contention.

"[G]reat deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its findings should not be disturbed unless clearly erroneous" (*People v Layou*, 134 AD3d 1510, 1511, *lv denied* 27 NY3d 1070, *reconsideration denied* 28 NY3d 932; *see People v Daniels*, 147 AD3d 1392, 1392-1393; *People v Hogan*, 136 AD3d 1399, 1400, *lv denied* 27 NY3d 1070). Contrary to defendant's contention, nothing about the parole officer's testimony is " 'unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*Layou*, 134 AD3d at 1511).

The record supports the court's determination that the search of defendant's residence was " 'rationally and reasonably related to the performance of the parole officer's duty' and was therefore lawful" (*People v Johnson*, 94 AD3d 1529, 1532, *lv denied* 19 NY3d 974). The

parole officer testified that he searched defendant's residence for the purpose of determining if defendant was in violation of the conditions of his parole because he "received credible information from law enforcement sources that defendant possessed a [gun] in his" residence (*People v Escalera*, 121 AD3d 1519, 1520, *lv denied* 24 NY3d 1083; *see People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820).  The assistance of the police at defendant's residence did not render the search a police operation (*see People v Johnson*, 54 AD3d 969, 970).

Defendant concedes that he improperly moved pursuant to CPL 330.30 (1) to set aside the verdict in this plea case, but he contends that the court was required to convert the motion to one under either CPL article 440 or CPL 220.60 and to grant it.  We reject that contention.  Even assuming, arguendo, that the court had any such obligation, we conclude that a motion under CPL article 440 would have been premature (*see People v Spirles*, 294 AD2d 810, 811, *lv denied* 98 NY2d 713, *reconsideration denied* 99 NY2d 540).  Furthermore, the motion, even if addressed under CPL 220.60, lacks merit because the issues raised therein would not be appropriately argued in the context of a motion to withdraw a plea of guilty (*see People v Anderson*, 63 AD3d 1617, 1618, *lv denied* 13 NY3d 858).  Finally, to the extent that defendant's contention that his counsel was ineffective in failing to move to withdraw the guilty plea survives his plea (*see People v Dixon*, 147 AD3d 1518, 1519), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404).

Entered:  April 28, 2017                     Frances E. Cafarell
                                             Clerk of the Court