People v Poole (2020 NY Slip Op 04269)





People v Poole


2020 NY Slip Op 04269


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


686 KA 17-02025

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIKA H. POOLE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Sara Sheldon, A.J.), rendered August 7, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). Defendant contends that County Court erred in refusing to suppress evidence obtained following a traffic stop of a vehicle she was driving because the police lacked reasonable suspicion for the seizure of the vehicle inasmuch as a tip from a confidential informant (CI) did not satisfy the Aguilar-Spinelli test. We reject that contention. The testimony at the suppression hearing and Darden hearing established that defendant's parole officer received a tip from the CI that defendant was obtaining and distributing cocaine. The parole officer testified that the CI had given him information on at least three prior occasions, and the CI's information had been accurate. The CI told the parole officer that defendant would be returning to the area in a Nissan Altima with Connecticut license plates. After observing such a vehicle arrive near defendant's residence, the parole officer requested the assistance of local police in stopping it. Upon stopping the vehicle, the police found cocaine on the floor of the passenger side of the vehicle.
A search and seizure by a parolee's own parole officer is permissible so long as it is "rationally and reasonably related to the performance of the parole officer's duty" (People v Huntley, 43 NY2d 175, 181 [1977]; see People v Reed, 150 AD3d 1655, 1655 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]). Based on the testimony at the suppression and Darden hearings, there was " credible information' " that defendant was in violation of her parole because she possessed and was selling cocaine (People v Wheeler, 149 AD3d 1571, 1572 [4th Dept 2017], lv denied 29 NY3d 1095 [2017]; see People v Sapp, 147 AD3d 1532, 1533 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]). "The CI's basis of knowledge and moderate indicia of the tip's reliability were adequately demonstrated[] for the purpose of establishing reasonable suspicion" justifying the traffic stop (People v Porter, 101 AD3d 44, 47-48 [3d Dept 2012], lv denied 20 NY3d 1064 [2013]; see People v Hepburn, 189 AD2d 914, 915 [3d Dept 1993]). Moreover, the seizure of the vehicle was reasonably related to the performance of the parole officer's duty (see generally Huntley, 43 NY2d at 181).
We reject defendant's further contention that the court should have suppressed a statement she made because she was subjected to custodial interrogation without being advised of her Miranda rights. Although defendant's statement was made when she was in police custody, it was not the product of interrogation or its functional equivalent. The transporting [*2]sheriff's deputy did not question defendant and did not deliberately elicit any statements. There was therefore no basis to suppress defendant's spontaneous statement (see People v Lewis, 89 AD3d 1485, 1485 [4th Dept 2011]). We have reviewed defendant's remaining contention with respect to the court's suppression ruling and conclude that it is without merit.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction should be amended because it incorrectly reflects that defendant was sentenced as a second felony offender when she was actually sentenced as a second felony drug offender (see People v Ortega, 175 AD3d 1810, 1811 [4th Dept 2019]; People v Oberdorf, 136 AD3d 1291, 1292-1293 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court