THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS JOHNSON, Appellant. [837 NYS2d 810]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Shirley Troutman, J.), entered January 31, 2005. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of criminal possession of marihuana in the fourth degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that County Court erred in denying his motion pursuant to CPL 440.10 to vacate the judgment convicting him of criminal possession of marihuana in the fourth degree (Penal Law § 221.15) on the ground that he was denied the right to effective assistance of counsel. Defendant asserted in his motion papers that his former attorney erroneously advised him that his guilty plea would have no effect on his immigration status and that, had he been properly advised, he would have insisted on a trial. Defendant contends in his pro se supplemental brief that the court should have granted the motion based on that misleading advice. We reject that contention. Defendant's former attorney testified at the hearing on defendant's motion that he had no recollection of a discussion with defendant concerning the effect of a guilty plea on defendant's immigration status. He further testified that, if defendant had asked him questions concerning that subject, he would have referred defendant to someone with experience in that area of the law and would not have offered an opinion on the subject. Although defendant testified that he had a conversation with his former attorney concerning his immigration status, he stated in a letter submitted to the court that his former attorney simply failed to inform him that he would be deported. Based on the testimony of defendant's former attorney, which

the court was entitled to credit, and the fact that the testimony of defendant was contradicted by his statement in his letter to the court, we conclude that the court properly determined that defendant failed to meet his burden of establishing that his former attorney provided legal advice that was an affirmative misstatement of the law (*see generally People v McDonald*, 1 NY3d 109, 114 [2003]; *People v Ford*, 86 NY2d 397, 405 [1995]).

Defendant failed to preserve for our review the contention in his main brief that he was deprived of effective assistance of counsel based on defense counsel's failure to advise him that deportation was an automatic consequence of a conviction (*see* CPL 470.05 [2]). In any event, defendant's contention is without merit. "Deportation is a collateral consequence of conviction because it is a result peculiar to the individual's personal circumstances and one not within the control of the court system" (*Ford*, 86 NY2d at 403), and the failure to advise a defendant of a collateral consequence of a guilty plea, as opposed to giving affirmative incorrect advice, does not constitute ineffective assistance of counsel (*see People v Holder*, 32 AD3d 734 [2006], *lv denied* 8 NY3d 846 [2007]; *see generally McDonald*, 1 NY3d at 114-115; *Ford*, 86 NY2d at 404-405; *People v Hall*, 16 AD3d 848, 849 [2005], *lv denied* 4 NY3d 887 [2005]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.