THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAIL MOHOMED, Appellant. [859 NYS2d 818]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 24, 2006. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea was not knowingly, voluntarily or intelligently entered (*see People v Burney*, 41 AD3d 1221 [2007], *lv denied* 9 NY3d 863 [2007]). To the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). "[D]efense counsel did not take a position adverse to defendant" by his comments concerning trial strategy (*People v Guerra-Pena*, 46 AD3d 1469 [2007], *lv denied* 10 NY3d 765 [2008]), and defense counsel's failure to advise defendant of the immigration consequences of his plea does not constitute ineffective assistance of counsel (*see People v Canales*, 48 AD3d 1105 [2008]; *People v Johnson*, 41 AD3d 1284, 1285 [2007], *lv denied* 9 NY3d 877 [2007]). Finally, the waiver by defendant of the right to appeal encompasses his challenge to Supreme Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]), as well as his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.