# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1026/13
KA 10-02281
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

CORNELIUS JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael F. Pietruszka, J.), entered September 20, 2010. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL article 440 seeking to vacate the judgment convicting him of criminal possession of marihuana in the fourth degree (Penal Law § 221.15). We previously affirmed the order denying defendant's similar motion pursuant to CPL 440.10 (*People v Johnson*, 41 AD3d 1284, *lv denied* 9 NY3d 877). We rejected defendant's contention that he was deprived of effective assistance of counsel based on defense counsel's failure to advise him that deportation was an automatic consequence of a conviction (*id.* at 1285). After our decision was issued, the Supreme Court decided *Padilla v Kentucky* (559 US 356, 374) wherein it held that an attorney's failure to advise a defendant of the deportation consequences of a guilty plea constitutes ineffective assistance of counsel. Based on *Padilla*, defendant brought this current CPL 440.10 motion.

We reject defendant's contention that he was denied effective assistance of counsel. After *Padilla*, the Supreme Court held in *Chaidez v United States* (559 US ___, ___, 133 S Ct 1103, 1105) that *Padilla* "does not have retroactive effect," and the Court of Appeals has found no basis to depart from the Supreme Court's holding (*see People v Baret*, ___ NY3d ___, ___ [June 30, 2014]).

Defendant's further contention that his plea was not voluntary,

knowing, and intelligent because neither defense counsel nor County Court (Rogowski, J.) advised him that he could be deported based upon his conviction is not properly before us because defendant failed to raise that contention in his CPL 440.10 motion (*see People v Pennington*, 107 AD3d 1602, 1604, *lv denied* 22 NY3d 958).  We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court