People v Kester (2019 NY Slip Op 00705)





People v Kester


2019 NY Slip Op 00705


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


8 KA 17-00268

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON J. KESTER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered March 31, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law
§ 140.25 [2]). To the extent that defendant's challenge to the effectiveness of defense counsel is properly before us, that challenge is without merit because counsel did not take a position adverse to him at sentencing with respect to a potential motion to withdraw the guilty plea (see People v Adams, 66 AD3d 1355, 1356 [4th Dept 2009], lv denied 13 NY3d 858 [2009]; People v Mohomed, 52 AD3d 1262, 1263 [4th Dept 2008], lv denied 11 NY3d 791 [2008]; see also People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]). To the contrary, defense counsel merely conveyed defendant's own decision to forgo such a motion, and counsel's assessment of the potential merits thereof served to underscore the rationality of defendant's decision in that regard. Finally, although the People correctly concede that defendant's waiver of his right to appeal "this conviction" does not foreclose his challenge to the severity of his sentence (see People v Maracle, 19 NY3d 925, 927-928 [2012]), we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court