■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRI DAVID CAMINERO, Appellant. [597 NYS2d 708] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered July 17, 1991, which convicted defendant, after a jury trial, of two counts of murder in the second degree and sentenced him to two concurrent terms of imprisonment of 25 years to life, unanimously affirmed.

Defendant, while acting in concert with his cousin, shot and

killed his parents with a .22 caliber rifle. The principal witness, a friend of defendant, testified that while he was in defendant's bedroom waiting for defendant to retrieve car keys, he heard two gunshots. He ran to the hallway, and observed defendant holding a rifle pointed toward the kitchen where defendant's parents were. Immediately thereafter, the witness saw defendant's cousin grab the gun from defendant and fire five or six shots into the kitchen. The witness, who thought that defendant had been joking when he offered the witness $5,000 to commit the killings, testified that at the cousin's urging he accompanied defendant and the cousin into defendant's car for approximately three hours, after which time defendant finally complied with the witness's repeated requests to be taken home.

Defendant's claim that he was entitled to an instruction that the witness was an accomplice is unpreserved inasmuch as he failed to request the charge or object to the court's instruction as given *(People v Navares,* 162 AD2d 422, 424, *lv denied* 76 NY2d 942), and we decline to review in the interest of justice. Were we to review, we would find that the court did not err in failing, *sua sponte,* to instruct the jury that the witness was an accomplice whose testimony required corroboration since there was no evidence in the record that the witness was aware that the shooting was to occur or that he participated in the planning or execution thereof *(People v Tucker,* 72 NY2d 849).

Defendant failed to object to the comments made by the prosecutor in his opening statement and during summation and thus they are unpreserved for appellate review as a matter of law, and we decline to review in the interest of justice. Were we to review, we would find that the remarks made in summation constituted fair comment on the evidence *(see, People v Ashwal,* 39 NY2d 105, 109), and were properly made in response to defense counsel's summation. Further, any prejudice that might have resulted from the prosecutor's remark in his opening statement that the victims were "hard working people" who "gave [defendant] everything he could have asked for" was dissipated by the court's charge that the jury's verdict not be motivated by sympathy or influenced by "passion, feelings, bias, or prejudice"; instructions which were presumably followed *(People v Davis,* 58 NY2d 1102, 1104). Concur—Sullivan, J. P., Carro, Milonas, Kupferman and Ross, JJ.