■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MOJICA, Appellant. [602 NYS2d 121] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered December 11, 1990, convicting, upon a jury verdict, defendant of four counts of murder in the second degree, and sentencing him to concurrent terms of 9 years to life, unanimously affirmed.

On March 21, 1990, defendant, then 14 years old, together with his cousin Henri Caminero, then 17 years old, shot and killed Caminero's parents with a rifle in the kitchen of their home. The incident was witnessed by defendant's friend Raymond Rivera, who initially gave a false account, but eventually cooperated with the police and testified for the People at trial.

The trial court, without objection, charged both intentional murder and depraved indifference murder, and the jury found defendant guilty under both theories. There was no objection to the verdict. While the verdict was inconsistent and the charge erroneous *(People v Gallagher,* 69 NY2d 525), the issue is not preserved, and we decline to review it in the interest of justice. We similarly decline to review the failure of the trial court to *sua sponte* charge that Rivera was an accomplice as a matter of law, observing that at best testimony that Rivera initially lied to the police or concealed evidence raised a jury question as to whether he was an accomplice *(People v Caminero,* 193 AD2d 547, *lv denied* 81 NY2d 1070; *People v Santoro,* 68 AD2d 939).

Defendant argues that Rivera should not have been permitted to testify that, in a McDonald's restaurant some time prior to the killings, Caminero stated that he was going to kill his parents, after which defendant slapped palms with Caminero in a gesture known as a "high 5". The testimony of the witness Silva, a schoolmate of defendant to whom defendant had revealed the plan to kill Caminero's parents, amply

established a conspiracy to commit murder; the fact that defendant's admissions to Silva may have occurred at a point in time later than the McDonald's incident has nothing to do with whether the conspiracy existed at the earlier time. From all of the circumstances, it is clear that a prima facie conspiracy was established, without recourse to Rivera's testimony, such that Caminero's statements were admissible against defendant at trial as a hearsay exception (see, People v Elias, 163 AD2d 230, 231, lv denied 76 NY2d 985). Defendant's response to Caminero's statements was therefore relevant and admissible. Certainly the response actually given could be found to constitute assent to the conspiracy. The interpretation of defendant's response was ultimately a matter for the jury, and an innocent interpretation, if there was any, was for it to consider.

We do not find the sentence excessive. Concur—Murphy, P. J., Ellerin, Wallach, Kassal and Nardelli, JJ.