██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUAMEL G. SANTIAGO, Appellant. (Appeal No. 1.) [735 NYS2d 852] —Judgment unanimously affirmed. Memorandum: We reject

the contention of defendant that County Court erred in denying his motion for a mistrial based upon the references of the prosecutor in his opening statement to the anticipated testimony of a witness who fled the country and did not testify at trial. "[T]he general rule is that, absent bad faith or undue prejudice, a trial will not be undone" based upon "the unfulfilled representations in an opening [statement]" (*People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025). Here, there is no evidence of bad faith on the part of the prosecutor and any prejudice to defendant was minimized or negated when the court granted his alternative request for a missing witness charge with respect to that witness (*see, People v Broadus,* 129 AD2d 997, *lv denied* 70 NY2d 643). We further reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation. The "isolated instances of prosecutorial misconduct did not cause 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Chislum,* 244 AD2d 944, 945, *lv denied* 91 NY2d 924, quoting *People v Mott,* 94 AD2d 415, 419). The court's *Sandoval* ruling, allowing the prosecutor to cross-examine defendant concerning the fact of a prior felony conviction and not its underlying circumstances, does not constitute an abuse of discretion (*see, People v Szczepanski,* 172 AD2d 884, 885, *lv denied* 78 NY2d 957). The sentence is not unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Merrell, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.