■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MELENDEZ, Appellant. [782 NYS2d 893]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 12, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]), criminal possession of a weapon in the second degree (§ 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). Defendant contends that the evidence is legally insufficient to establish his guilt of depraved indifference murder. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we reject that contention and conclude that defendant's act of holding a gun that ultimately discharged close to the victim's face in the course of a scuffle was an act sufficiently reckless to create a grave and substantial risk of death (*see People v Flowers,* 289 AD2d 504 [2001], *lv denied* 97 NY2d 754 [2002]). We also reject defendant's contention that the verdict is against the weight of the evidence. Upon our review of the record, we cannot say that the jury failed to give the evidence the weight it should be accorded (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). We reject defendant's contention that the jury charge concerning defendant's justifica-

tion defense was improper. When viewed in its entirety, County Court's charge on justification was "a correct statement of the law" (*People v Coleman*, 70 NY2d 817, 819 [1987]). We reject the further contention of defendant that he was deprived of a fair trial based upon comments made by the prosecutor during her summation. Defendant complains of three instances in which the prosecutor implied that defendant was a liar, two of which are unpreserved for our review (*see* CPL 470.05 [2]) and which we decline to exercise our power to review as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In any event, we conclude that the prosecutor's summation represented a fair response to defense counsel's summation and did not exceed the bounds of legitimate advocacy (*see People v Sinclair*, 231 AD2d 926 [1996]; *see also People v Russo*, 201 AD2d 512, 513 [1994], *affd* 85 NY2d 872 [1995]). Defendant also complains of comments made by the prosecutor concerning the victim's family. While the comments were improper, any prejudice was alleviated by the court's instruction that the jury may not consider sympathy (*see People v Caminero*, 193 AD2d 547, 548 [1993], *lv denied* 81 NY2d 1070 [1993]; *People v Trail*, 172 AD2d 320 [1991], *lv denied* 78 NY2d 975 [1991]; *see also People v Smith*, 217 AD2d 221, 238-239 [1995], *lv denied* 87 NY2d 977 [1996]) and, in any event, the comments were not so egregious as to deprive defendant of a fair trial (*see People v Quinones*, 5 AD3d 1093, 1094 [2004]). Lastly, we reject the contention of defendant that he did not receive effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.