The People of the State of New York, Respondent, v Vernell Smiley, Appellant. [856 NYS2d 321]—

Memorandum: Defendant appeals from a judgment convicting

him, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35 [1]). Defendant's sole contention on appeal is that County Court erred in denying that part of defendant's omnibus motion seeking to suppress the identification testimony of two witnesses on the ground that the photo array used in the pretrial identification procedures was unduly suggestive. That contention is without merit. "A photo array is unduly suggestive 'where some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection' " (*People v Diggs*, 19 AD3d 1098, 1098 [2005], *lv denied* 5 NY3d 787 [2005], *rearg granted and order amended* 21 AD3d 1438 [2005], quoting *People v Robert*, 184 AD2d 597, 598 [1992], *lv denied* 80 NY2d 933 [1992]). Here, "[t]he composition and presentation of the photo array were such that there was no reasonable possibility that the attention of the witness[es] would be drawn to defendant as the suspect chosen by the police" (*People v Sylvester*, 32 AD3d 1226, 1227 [2006], *lv denied* 7 NY3d 929 [2006]; *see People v Dean*, 28 AD3d 1118 [2006], *lv denied* 7 NY3d 787 [2006]; *see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). Contrary to defendant's contention, the differences in skin tone and head size of the individuals depicted in the photo array were not so great as to indicate that the police were urging a particular selection (*see People v Quinones*, 5 AD3d 1093, 1093-1094 [2004], *lv denied* 3 NY3d 646 [2004]; *People v Boria*, 279 AD2d 585, 586 [2001], *lv denied* 96 NY2d 781 [2001]). Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.