■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. VICKIO, Appellant. [856 NYS2d 764]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered August 12, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20) and grand larceny in the third degree (§ 155.35). Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence a photograph produced from a surveillance videotape, in violation of the best evidence rule (*see* CPL 470.05 [2]). In any event, there was no violation of the best evidence rule in this case. Under that rule, "a party may produce a substitute for an original . . . if the absence or unavailability of the original is satisfactorily explained and the mishap was innocent" (*People v Grasso*, 237 AD2d 741, 742 [1997], *lv denied* 89 NY2d 1035 [1997]). Here, a police officer testified at trial that he observed defendant on the surveillance videotape from a grocery store where he had purchased gasoline and that the image depicted in the photograph from the videotape, although smaller than the image in the videotape, was the same as that on the videotape. The police officer further testified that the videotape had been returned to the grocery store. We thus conclude that "the absence or unavailability of the original [was] satisfactorily explained and [that] the mishap was innocent" (*id.*). Also contrary to defendant's contention, there was no *Brady* violation with respect to the photograph and the videotape. According to defendant, the photograph taken from the videotape was exculpatory, because it, inter alia, depicted a codefendant rather than defendant. The record establishes that the People discovered the photograph a week before the commencement of the trial and, although they agreed to an adjournment of the trial at that time, defendant did not want an adjournment. It is well settled that "a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870 [1987]).

We reject defendant's further contention that the court erred in admitting rebuttal testimony with respect to statements allegedly made by defendant, following his testimony that he did not recall a conversation in which he made those statements. "A prosecutor may impeach the testimony of a defendant through rebuttal testimony . . . [, and a] CPL 710.30 notice is not required where[, as here,] the rebuttal testimony is offered solely for the purpose of impeachment" (*People v Hill*, 281 AD2d 917, 917-918 [2001], *lv denied* 96 NY2d 902 [2001]). In view of the fact that, prior to the People's rebuttal testimony, defendant denied having made those statements, we reject his further contention that the court abused its discretion in refusing to permit him to offer surrebuttal testimony with respect to the statements (*see generally* CPL 260.30 [7]; *People v O'Connor*, 21 AD3d 1364, 1366 [2005], *lv denied* 6 NY3d 757 [2005]). Finally, we have reviewed the contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation, and we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364, *lv denied* 6 NY3d 753 [internal quotation marks omitted]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.