■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKIE SCOTT, Appellant. [875 NYS2d 728]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 7, 2008. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, robbery in the first degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), robbery in the first degree (§ 160.15 [4]) and menacing in the second degree (§ 120.14 [1]), arising out of three separate incidents. Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of attempted murder and assault (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Viewing the evidence in light of the elements of attempted murder and assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that County Court erred in refusing to suppress the in-court identification of an eyewitness to the shooting incident who had identified him in a photo array because the police compiled the photo array based upon their own suspicion of the perpetrator rather than a description given by the shooting victim. We reject that contention. The record of the suppression hearing supports the court's determination that the photo array was " 'not so suggestive as to create the substantial likelihood that defendant would be misidentified' " (*People v Johnson*, 52 AD3d 1286, 1286 [2008], *lv denied* 11 NY3d 738 [2008]; *see People v Munoz*, 223 AD2d 370 [1996], *lv denied* 88 NY2d 990 [1996]).

Contrary to the further contention of defendant, the court properly denied his motion to sever the menacing count. That count was properly joinable with the remaining counts of the indictment pursuant to CPL 200.20 (2) (b) inasmuch as proof of each count "would be material and admissible as evidence in chief upon a trial" of the other counts (*id.*; *see People v Lee*, 275 AD2d 995, 996 [2000], *lv denied* 95 NY2d 966 [2000]).

We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation. "Although the prosecutor improperly made a 'safe streets' comment by urging the jury to do justice" in order to prevent the escalation of crime in the neighborhood where the shooting occurred, we conclude that the prosecutor's "isolated comment was not so egregious as to deprive defendant of a fair trial" (*People v Tolliver*, 267 AD2d 1007, 1008 [1999], *lv denied* 94 NY2d 908 [2000]). "The remaining comments challenged by defendant were fair comment on the evidence or fair responses to the comments of defense counsel and did not constitute [prosecutorial] misconduct" (*id.*; *see People v Halm*, 81 NY2d 819, 821 [1993]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.