# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

257

KA 08-02486

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JOSHUA M. MILLER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered November 13, 2008. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), defendant contends that he was deprived of a fair trial by the prosecutor's comments on summation, including a statement that defense counsel was trying to "divert [the jury's] attention away from the truth." Although the prosecutor's statement was improper (*see People v Paul*, 229 AD2d 932, 933; *People v Carter*, 227 AD2d 661, 663, *lv denied* 88 NY2d 1067; *People v Dunbar*, 213 AD2d 1000, 1000, *lv denied* 85 NY2d 972), that isolated comment did not deprive defendant of a fair trial (*see People v Santiago*, 289 AD2d 1070, 1071, *lv denied* 97 NY2d 761; *People v Chislum*, 244 AD2d 944, 945, *lv denied* 91 NY2d 924; *see generally People v Scott*, 60 AD3d 1483, 1484, *lv denied* 12 NY3d 859; *People v Roman*, 13 AD3d 1115, 1116, *lv denied* 4 NY3d 802). Furthermore, a prosecutor's closing statement must be evaluated in light of defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821; *People v Morgan*, 66 NY2d 255, 259), and we conclude that the remainder of the prosecutor's comments at issue were "a fair response to defense counsel's summation and did not exceed the bounds of legitimate advocacy" (*People v Melendez*, 11 AD3d 983, 984, *lv denied* 4 NY3d 888; *see generally Halm*, 81 NY2d at 821).

Entered: March 15, 2013                     Frances E. Cafarell
                                            Clerk of the Court