Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered November 13, 2008. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), defendant *1224 contends that he was deprived of a fair trial by the prosecutor’s comments on summation, including a statement that defense counsel was trying to “divert [the jury’s] attention away from the truth.” Although the prosecutor’s statement was improper (see People v Paul, 229 AD2d 932, 933 [1996]; People v Carter, 227 AD2d 661, 663 [1996], lv denied 88 NY2d 1067 [1996]; People v Dunbar, 213 AD2d 1000, 1000 [1995], lv denied 85 NY2d 972 [1995]), that isolated comment did not deprive defendant of a fair trial (see People v Santiago, 289 AD2d 1070, 1071 [2001], lv denied 97 NY2d 761 [2002]; People v Chislum, 244 AD2d 944, 945 [1997], lv denied 91 NY2d 924 [1998]; see generally People v Scott, 60 AD3d 1483, 1484 [2009], lv denied 12 NY3d 859 [2009]; People v Roman, 13 AD3d 1115, 1116 [2004], lv denied 4 NY3d 802 [2005]). Furthermore, a prosecutor’s closing statement must be evaluated in light of defense counsel’s summation (see People v Halm, 81 NY2d 819, 821 [1993]; People v Morgan, 66 NY2d 255, 259 [1985]), and we conclude that the remainder of the prosecutor’s comments at issue were “a fair response to defense counsel’s summation and did not exceed the bounds of legitimate advocacy” (People v Melendez, 11 AD3d 983, 984 [2004], lv denied 4 NY3d 888 [2005]; see generally Halm, 81 NY2d at 821). Present — Smith, J.P., Fahey, Sconiers, Valentino and Whalen, JJ.