# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**737**

**KA 13-01688**

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EMILIER CARRASQUILLO-FUENTES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

EMILIER CARRASQUILLO-FUENTES, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 24, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). This prosecution arose from an incident in which several gang members, including defendant and two codefendants, allegedly acting on orders from the gang's leader, fired a fusillade of bullets at a member of a rival gang in a gas station parking lot, killing him and injuring another person. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention in his main brief that the verdict is contrary to the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's contention is based solely on his challenge to the credibility of the witnesses, and we conclude that their testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we see no reason to disturb

the jury's credibility determinations here.

We reject defendant's further contention in his main brief that the identification procedures used by the police, i.e., photo arrays by which he was identified as one of the perpetrators of the crime, were unduly suggestive. "A photo array is unduly suggestive where some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Smiley*, 49 AD3d 1299, 1300, *lv denied* 10 NY3d 870 [internal quotation marks omitted]; *see People v Robert*, 184 AD2d 597, 598, *lv denied* 80 NY2d 929). Contrary to defendant's contention, "the differences in skin tone and head size of the individuals depicted in the photo array were not so great as to indicate that the police were urging a particular selection" (*Smiley*, 49 AD3d at 1300). Consequently, County Court properly concluded that "[t]he composition and presentation of the photo array[s] were such that there was no reasonable possibility that the attention of the witness[es] would be drawn to defendant as the suspect chosen by the police" (*People v Sylvester*, 32 AD3d 1226, 1227, *lv denied* 7 NY3d 929; *see generally People v Chipp*, 75 NY2d 327, 335-336, *cert denied* 498 US 833).

The court properly admitted in evidence a recording of a 911 emergency call from a woman who indicated that she had observed the perpetrators leaving the scene of the shooting. Contrary to defendant's contention in his pro se supplemental brief, the court properly admitted the recording as an excited utterance. The People established that the call was " 'made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection' " (*People v Johnson*, 1 NY3d 302, 306, quoting *People v Marks*, 6 NY2d 67, 71). Contrary to defendant's further contention in his pro se supplemental brief, the People were not required to establish the woman's unavailability as a witness at trial inasmuch as "unavailability of the declarant is not a prerequisite to the admission of statements deemed to be excited utterances" (*People v Johnson*, 272 AD2d 555, 555, *lv denied* 95 NY2d 854; *see People v Buie*, 86 NY2d 501, 506).

In his main brief, defendant contends that the admission in evidence of the 911 emergency call violated his right to confront the witnesses against him because it contained testimonial evidence from a nontestifying witness. We reject that contention. It is well settled that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution" (*Davis v Washington*, 547 US 813, 822). Here, we agree with the court's conclusion that the information in the recording was nontestimonial because the questions asked by the 911 operator, and the responses thereto, were designed to allow the police to respond to the shooting (*see People v Dockery*, 107 AD3d 913, 914, *lv denied* 22

NY3d 955), and to apprehend and "prevent further harm by the perpetrator[s], who at that point, [were] still at large and armed" (*People v Legere*, 81 AD3d 746, 750; *see People v Shaver*, 86 AD3d 800, 802, *lv denied* 18 NY3d 962, *reconsideration denied* 19 NY3d 967).

Defendant did not object to any of the alleged instances of prosecutorial misconduct during the prosecutor's opening statement or summation, and thus he failed to preserve for our review his further contention in his main brief that he was thereby deprived of a fair trial (*see People v Lane*, 106 AD3d 1478, 1480, *lv denied* 21 NY3d 1043; *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967). In any event, we reject defendant's contention. We note that "the prosecutor's closing statement must be evaluated in light of the defense summation, which put into issue the [witnesses'] character and credibility and justified the People's response" (*People v Halm*, 81 NY2d 819, 821) and, here, we conclude that the prosecutor's comments at issue on summation were "a fair response to defense counsel's summation and did not exceed the bounds of legitimate advocacy" (*People v Melendez*, 11 AD3d 983, 984, *lv denied* 4 NY3d 888; *see generally Halm*, 81 NY2d at 821). We further conclude that any of the prosecutor's further comments during the opening or closing statements that may have exceeded the bounds of propriety " 'were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997; *see People v Miller*, 104 AD3d 1223, 1224, *lv denied* 21 NY3d 1017; *People v Scott*, 60 AD3d 1483, 1484, *lv denied* 12 NY3d 859).

Defendant contends in his pro se supplemental and pro se reply briefs that the court failed to include all of the testimony that the jury requested in a readback. That contention is not preserved for our review inasmuch as defendant did not object to the court's response to the request. Contrary to defendant's contention, any error that may have occurred "does not constitute a mode of proceedings error for which no preservation is required . . . Counsel had meaningful notice of the precise content of the jury's note and was in the courtroom as the readback was conducted. Counsel was therefore aware [of whether the court] failed to read [all of the testimony that the jury requested]. Counsel's knowledge of the precise content of the note and of the court's actual response, or lack thereof, removes the claimed error from the very narrow class of mode of proceedings errors for which preservation is not required" (*People v Morris*, 27 NY3d 1096, 1099). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's additional contention in his pro se supplemental and pro se reply briefs, the People did not commit a *Brady* violation with respect to one of the bullets recovered from the body of the deceased victim, i.e., the bullet found in the victim's shoulder. Within one day of receiving information indicating that the victim did not sustain that bullet wound in this incident, the People provided that information to the defense. Thus, defendant failed to establish that "the evidence was suppressed by the prosecution" as required to establish a *Brady* violation (*People v Fuentes*, 12 NY3d

259, 263). In any event, even assuming, arguendo, that there was a delay in disclosing the evidence, "[i]t is well settled that 'a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case' " (*People v Vickio*, 50 AD3d 1479, 1480, quoting *People v Cortijo*, 70 NY2d 868, 870).

We have considered defendant's remaining contentions in both of his pro se briefs and in his main brief, and we conclude that they are without merit. Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court