Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 22, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree (two counts).
 

 It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Onondaga County, for further proceedings.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). The assault count and the first weapon count charged defendant with possessing a handgun and using it to shoot a man in December 2011, and the second weapon count charged him with possessing the same handgun in January 2012.
 

 Defendant contends that he was deprived of a fair trial by numerous acts of alleged misconduct by the prosecutor on summation. Defendant did not object to any of those instances of alleged misconduct, and thus he failed to preserve his contention for our review (see People v Lane, 106 AD3d 1478, 1480 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]; People v Rumph, 93 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 967 [2012]). In any event, we reject defendant’s contention. The majority of the comments challenged by defendant on appeal were within “ ‘the broad bounds of rhetorical comment permissible’ ” during summations (People v Williams, 28 AD3d 1059, 1061 [4th Dept 2006], affd 8 NY3d 854 [2007], quoting People v Galloway, 54 NY2d 396, 399 [1981]; see People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012]). We note in particular that “the prosecutor’s closing statement must be evaluated in light of the defense summation, which put into issue the [witnesses’] character and credibility and justified the People’s response” (People v Halm, 81 NY2d 819, 821 [1993]). Thus, we conclude that the prosecutor’s comments at issue on summation were “a fair response to defense counsel’s summation and did not exceed the bounds of legitimate advocacy” (People v Melendez, 11 AD3d 983, 984 [4th Dept 2004], lv denied 4 NY3d 888 [2005]; see generally Halm, 81 NY2d at 821). Additionally, even assuming, arguendo, that any of the prosecutor’s comments may have exceeded the bounds of propriety, we further conclude that such comments “ ‘were not so pervasive or egregious as to deprive defendant of a fair trial’ ” (People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]; see People v Miller, 104 AD3d 1223, 1224 [4th Dept 2013], lv denied 21 NY3d 1017 [2013]). We have considered defendant’s further claims of prosecutorial misconduct and conclude that they are without merit.
 

 Defendant further contends that he was deprived of effective assistance of counsel because of numerous alleged errors by defense counsel, including the failure to object to prosecutorial misconduct, the improper cross-examination of a witness, and the failure to introduce certain evidence. We reject defendant’s contention with respect to alleged prosecutorial misconduct on summation. As noted above, any such misconduct was “not so egregious as to deprive defendant of a fair trial, [and therefore] defense counsel’s failure to object thereto did not deprive defendant of effective assistance of counsel” (People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]; see People v Lewis, 151 AD3d 1727, 1729 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Henley, 145 AD3d 1578, 1580 [4th Dept 2016], lv denied 29 NY3d 998 [2017], denied reconsideration 29 NY3d 1080 [2017]). In addition, defendant failed to meet his burden of demonstrating “the absence of strategic or other legitimate explanations” for counsel’s alleged deficiencies in cross-examining a prosecution witness (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Wallace, 60 AD3d 1268, 1271 [4th Dept 2009], lv denied 12 NY3d 922 [2009]). Defendant’s claim that he was deprived of effective assistance of counsel by defense counsel’s failure to introduce evidence that the weapon at issue was a “community gun” is based on matters outside the record and thus cannot be reviewed on direct appeal (see People v Rohlehr, 87 AD3d 603, 604 [2d Dept 2011]; People v Dawkins, 81 AD3d 972, 972 [2d Dept 2011], lv denied 17 NY3d 794 [2011], denied reconsideration 17 NY3d 858 [2011]). We have considered defendant’s remaining claims of ineffective assistance of counsel, and we conclude that he was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Defendant failed to preserve for our review his contention that the People failed to establish with respect to the January weapon count that the firearm was operable, i.e., that it was loaded with operable ammunition. His motion for a trial order of dismissal was not specifically directed at that alleged deficiency in the People’s proof (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit. A firearms examiner testified that he test-fired the weapon with the ammunition found in it, and thus the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction with respect to the January weapon count (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence with respect to all three counts of which defendant was convicted in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
 

 Defendant further contends that Supreme Court erred in refusing to suppress the weapon and other evidence seized by the police after the police pursued, detained, and searched him because the officer lacked the requisite reasonable suspicion that he was involved in criminal activity. We reject that contention.
 

 The Court of Appeals has promulgated a “graduated four-level test for evaluating street encounters initiated by the police” (People v Moore, 6 NY3d 496, 498 [2006]). The Court explained that “level one permits a police officer to request information from an individual and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality; level two, the common-law right of inquiry, permits a somewhat greater intrusion and requires a founded suspicion that criminal activity is afoot; level three authorizes an officer to forcibly stop and detain an individual, and requires a reasonable suspicion that the particular individual was involved in a felony or misdemeanor; level four, arrest, requires probable cause to believe that the person to be arrested has committed a crime” (id. at 498-499; see generally People v De Bour, 40 NY2d 210, 222-223 [1976]).
 

 Here, the People contend that the officer who confronted defendant had a founded suspicion that criminal activity was afoot, and that his initial approach of defendant was therefore proper under level two. It is well settled that, in determining whether the officer had the requisite founded suspicion, the court must consider the totality of the circumstances (see People v Mercado, 120 AD3d 441, 442 [1st Dept 2014], affd 25 NY3d 936 [2015]) including, inter alia, the nature and location of the area in which the stop occurs (see People v Bronston, 68 NY2d 880, 881 [1986]). Here, the evidence at the hearing established that the neighborhood in question is a high-crime area in which violent gang activity occurs frequently. The evidence at the hearing also established that, before exiting an unmarked police vehicle to approach defendant, the officer observed defendant and two others acting furtively while keeping their hands under their sweatshirts at the waistbands of their pants. The officer testified at the hearing that an informant told him that a man fitting defendant’s description had run from the scene of an incident that occurred one day before the stop, and that shots were fired during that incident. The informant also told the officer that the man lived in the 100 block of Alvord Street and was a member of a gang known as the Highland Street Boys. The officer had learned that the weapon used in that incident was a .380 caliber weapon, the same caliber as the weapon used in the shooting in this case, which had taken place in the same vicinity a few weeks earlier. Furthermore, the officer knew that defendant lived in the 100 block of Alvord Street and was a member of the aforementioned gang. Based on that information, we agree with the People that the officer had at least the requisite founded suspicion that criminal activity was afoot, and thus that his initial approach of defendant was proper under level two.
 

 When defendant then immediately fled, the officer pursued him, which was a level three intrusion requiring reasonable suspicion that defendant had committed or was committing a crime. “In determining whether a pursuit was justified by reasonable suspicion, the emphasis should not be narrowly focused on . . . any . . . single factor, but [rather should be based] on an evaluation of the totality of circumstances, which takes into account the realities of everyday life unfolding before a trained officer” (People v Bachiller, 93 AD3d 1196, 1197 [4th Dept 2012], lv dismissed 19 NY3d 861 [2012] [internal quotation marks omitted]; see People v Corona, 142 AD3d 889, 889 [1st Dept 2016], lv denied 28 NY3d 1144 [2017]). We also note that, although “flight alone is insufficient to justify pursuit, ‘defendant’s flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit’ ” (People v Rainey, 110 AD3d 1464, 1465 [4th Dept 2013], quoting People v Sierra, 83 NY2d 928, 929 [1994]; see People v Walker, 149 AD3d 1537, 1538 [4th Dept 2017]; People v Price, 109 AD3d 1189, 1190 [4th Dept 2013], lv denied 22 NY3d 1043 [2013]). Here, we agree with the People that the specific information known to the officer, coupled with the officer’s observations of defendant’s actions, furtive behavior, and immediate flight, gave the officer reasonable suspicion to believe that defendant was engaged in criminal activity, thereby justifying-the officer’s pursuit, detainment, and search of defendant.
 

 We agree with defendant, however, that the court erred in failing to determine whether he should be afforded youthful offender status (see generally People v Rudolph, 21 NY3d 497, 501 [2013]). Defendant was convicted of an armed felony offense and therefore is ineligible for a youthful offender adjudication unless the court determines that certain statutory factors exist (see CPL 720.10 [3] [i]). “If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exist and states the reasons for that determination on the record, no further determination by the court is required. If, however, the court determines that one or more of the CPL 720.10 (3) factors are present, and the defendant is therefore an eligible youth, the court then must determine whether or not the eligible youth is a youthful offender” (People v Dukes, 147 AD3d 1534, 1535 [4th Dept 2017] [internal quotation marks omitted]; see People v Middlebrooks, 25 NY3d 516, 527 [2015]). Inasmuch as the court failed to follow the procedure set forth in Middle-brooks, we hold the case, reserve decision, and remit the matter to Supreme Court to “make and state for the record ‘a determination of whether defendant is a youthful offender’ ” (People v Wilson, 151 AD3d 1836, 1837 [4th Dept 2017], quoting Rudolph, 21 NY3d at 503).
 

 Present—Smith, J.P., Peradot-to, Lindley, DeJoseph and Winslow, JJ.