People v Jones (2018 NY Slip Op 07556)





People v Jones


2018 NY Slip Op 07556


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


941 KA 13-00446

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAHARI JONES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 22, 2013. The appeal was held by this Court by order entered November 9, 2017, decision was reserved and the matter was remitted to Supreme Court, Onondaga County, for further proceedings (155 AD3d 1547). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is modified as a matter of discretion in the interest of justice by directing that all of the sentences shall run concurrently and as modified the judgment is affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court (Brunetti, A.J.) to make and state for the record a determination of whether defendant is a youthful offender (People v Jones, 155 AD3d 1547 [4th Dept 2017], amended on rearg 156 AD3d 1493 [4th Dept 2017]; see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]; People v Rudolph, 21 NY3d 497, 499-501 [2013]). Upon remittal, the court (Cuffy, A.J.) determined that defendant, who had been convicted of the armed felony offenses of assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree
(§ 265.03 [3]), was not a minor participant in the crimes and that there were no mitigating circumstances bearing directly on the manner in which the crimes were committed. Consequently, the court concluded that defendant was not an eligible youth and denied his request for youthful offender treatment. We conclude that the court did not thereby abuse its discretion (see generally Middlebrooks, 25 NY3d at 526-527; People v Garcia, 84 NY2d 336, 342-343 [1994]).
CPL 720.10 (3) provides that "a youth who has been convicted of an armed felony offense . . . is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution." Contrary to defendant's contention, "traditional sentencing factors, such as the criminal's age, background and criminal history, are not appropriate to the mitigating circumstances analysis . . . Rather, the court must rely only on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime" (People v Victor J., 283 AD2d 205, 206 [1st Dept 2001], lv denied 96 NY2d 942 [2001] [internal quotation marks omitted]), or other factors that are directly related to the crime of which defendant was convicted (see People v Cruickshank, 105 AD2d 325, 334-335 [3d Dept 1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]). Here, we perceive no basis to disturb the court's determination that defendant is not an eligible youth because, in the first crime of which he was convicted, "defendant carried a gun to [*2]an encounter with known gang members, displayed the gun, . . . and . . . fired a shot that struck one of the" gang members (People v Flores 134 AD3d 425, 426 [1st Dept 2015], lv denied 29 NY3d 948 [2017]), and he was again armed with a loaded weapon when he was arrested several weeks later.
Although the court did not abuse its discretion in sentencing the 18-year-old defendant as an adult, we agree with defendant that the sentence imposed, an aggregate determinate term of imprisonment of 35 years, is unduly harsh and severe under the circumstances of this case. It is well settled that this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]), and that "we may substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (People v Johnson, 136 AD3d 1417, 1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]; see People v White, 153 AD3d 1565, 1568 [4th Dept 2017], lv denied 30 NY3d 1065 [2017]).
The victim in this case is a rival gang member who attempted to rob members of defendant's gang. Defendant arrived at the scene of the attempted robbery and shot at the victim, who was struck by a bullet but survived. Defendant obviously deserves a stern sentence but, in our view, 35 years is too severe. Indeed, the maximum punishment for intentional murder is 25 years to life (see Penal Law
§ 70.00 [2] [a]; [3] [a]). Defendant has no prior criminal record (he was adjudicated a youthful offender on a misdemeanor), he was only 18 years old when he committed the crimes, and the People offered him a 20-year sentence prior to trial as part of a plea bargain. Under the circumstances, and considering that the victim was attempting to commit an armed robbery when he was shot, we conclude that defendant's sentence is unduly harsh and severe.
We therefore modify the judgment as a matter of discretion in the interest of justice by directing that all of the sentences run concurrently (see CPL 470.15 [6] [b]). The sentence, as modified, will result in an aggregate determinate sentence of 25 years, which will protect the public from defendant for more than two decades and is sufficient to deter others from engaging in similar conduct.
All concur except Smith, J.P., and Winslow, J., who dissent in part and vote to affirm in the following memorandum: We agree with the majority that no "mitigating circumstances that bear directly upon the manner in which the crime was committed" exist in this case (CPL 720.10 [3] [i]), that defendant was not a relatively minor participant in the crimes (see CPL 720.10 [3] [ii]), and that Supreme Court therefore did not abuse its discretion in denying defendant's request for a youthful offender adjudication (see generally People v Middlebrooks, 25 NY3d 516, 526-527 [2015]; People v Garcia, 84 NY2d 336, 342-343 [1994]; People v Victor J., 283 AD2d 205, 206 [1st Dept 2001], lv denied 96 NY2d 942 [2001]). We disagree, however, with the majority's determination to reduce the sentence. Consequently, we dissent in part and vote to affirm.
Defendant's conviction arose from two incidents that occurred within a period of several weeks. Both incidents took place in a neighborhood that defendant's gang members considered to be their territory, and both were related to gang activities. With respect to the first incident, the jury found defendant guilty of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]) for the shooting of a member of a rival gang during a gang battle in the City of Syracuse on Christmas Eve. The jury necessarily concluded that defendant caused the rival gang member to sustain serious physical injury. The evidence at trial also establishes that defendant was armed with a .380 caliber handgun and that he began firing it immediately upon arriving in the area. Numerous shots were fired by defendant and others, and some of the bullets struck nearby houses.
The second incident occurred several weeks later, within a few blocks of the site of the Christmas Eve shooting, and resulted in defendant's conviction of another count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). A Syracuse police officer stopped defendant and other gang members, and a search revealed that defendant possessed a .380 caliber handgun. The officer had been looking for defendant based on information that defendant had been involved in yet another shooting with a .380 caliber handgun, again in the same area, on the night before the search.
We are aware that defendant had a difficult childhood, due in part to his limited intellect and lack of positive role models, and that he had no adult convictions before this series of events, although he had several placements in juvenile detention facilities. We also note that the court imposed a significant sentence. Nevertheless, even the presentence memorandum submitted on behalf of defendant acknowledged, inter alia, defendant's penchant for carrying and firing a loaded handgun and the injury he caused in the Christmas Eve shooting and concluded that, "[b]ased solely on the circumstances of [defendant's] current conviction, one may form the opinion that he is a dangerous young man who needs to be locked up for a long time." Under these circumstances, we are not persuaded that we should exercise our authority to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court