People v Smith (2018 NY Slip Op 08798)





People v Smith


2018 NY Slip Op 08798


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1150 KA 15-01853

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT E. SMITH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO, HODGSON RUSS LLP (PETER H. WILTENBURG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 21, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).
On July 21, 2014, as two Buffalo police officers were patrolling a high-crime area in a marked police vehicle, they saw several people standing outside on the stoop of an apartment complex. As the patrol vehicle neared the building, one of the officers saw defendant holding the front door of the apartment complex and staring at the patrol vehicle; the officer then saw defendant enter the building and run up an interior set of stairs. The officers entered the building and saw defendant exit an apartment. One of the officers asked defendant "what he was doing in the apartment," and defendant responded, "I wasn't in the apartment." The officer walked toward defendant and again asked him what he was doing in the apartment. Defendant responded that he "was going to get a cup for his drink." Defendant did not have a cup in his hands. Defendant's statements made the officer suspect that defendant was trying to hide something, and the officer asked another officer, who had since arrived at the apartment complex, to take defendant down the stairs so the officer could speak to the apartment's tenant. The tenant consented to a search of the apartment, during which the officers discovered a handgun stashed in a closet that was located within a few feet of the apartment door. The tenant denied having seen the handgun before. Defendant was arrested and charged with criminal possession of a weapon in the second degree. Defendant subsequently filed an omnibus motion seeking, inter alia, suppression of the handgun and certain statements he made to the police. Following a hearing, Supreme Court refused to suppress the evidence, and defendant thereafter pleaded guilty to the charge. We affirm.
Initially, we note that, although defendant's motion sought suppression of his statements and the handgun, on appeal he seeks suppression only of his statements.
"It is well established that, in evaluating the legality of police conduct, we must determine whether the action taken was justified in its inception and at every subsequent stage of the encounter' " (People v Burnett, 126 AD3d 1491, 1492 [4th Dept 2015]). Here, contrary to defendant's contention, we conclude that the officers' presence in a high-crime area, coupled with their observations of defendant, i.e., his evasive behavior of running away, provided them with an "objective, credible reason" for initially approaching defendant (People v Barksdale, 26 NY3d 139, 143 [2015]; see Matter of Demitrus B., 89 AD3d 1421, 1421-1422 [4th Dept 2011]).
Although the officers had an objective, credible basis for approaching defendant, we agree with defendant that the ensuing questioning constituted a level two encounter under People v De Bour (40 NY2d 210, 223 [1976]; see generally People v Hollman, 79 NY2d 181, 191 [1992]). We reject defendant's contention, however, that the officers did not have a "founded suspicion that criminal activity [was] afoot" (De Bour, 40 NY2d at 223). In making that determination, we must consider the totality of the circumstances (see People v Jones, 155 AD3d 1547, 1550 [4th Dept 2017], amended on rearg on other grounds 156 AD3d 1493 [4th Dept 2017]). Here, the subject apartment complex was known to the officers to be in a high-crime area. Defendant's conduct in staring at the patrol vehicle and then running up an interior set of stairs constituted furtive or evasive movements supporting a suspicion of criminal activity. Additionally, one of the officers who followed defendant into the apartment complex smelled marihuana on the stoop of the apartment complex. We conclude, under the totality of the circumstances, that the officers had a founded suspicion that criminality was afoot (see People v Parker, 32 NY3d 49, 56 [2018]; Jones, 155 AD3d at 1551; see also People v Hough, 151 AD3d 1591, 1592 [4th Dept 2017], lv denied 30 NY3d 950 [2017]).
Contrary to defendant's further contention, although the officer who questioned defendant requested that the other officers take defendant downstairs, "none of the police conduct elevated the encounter to a seizure requiring reasonable suspicion" (People v Francois, 61 AD3d 524, 525 [1st Dept 2009], affd 14 NY3d 732 [2010]). Finally, we reject defendant's contention that the officers did not have probable cause for the arrest. It is well established that probable cause for an arrest exists where it "appear[s] to be at least more probable than not that a crime has taken place and that the one arrested is its perpetrator" (People v Carrasquillo, 54 NY2d 248, 254 [1981]; see People v Colon, 151 AD3d 1915, 1916-1917 [4th Dept 2017]). Here, the officers' discovery, in a closet near the apartment door, of a handgun that the tenant denied having seen before gave the officers probable cause to believe that defendant had stashed the gun there during his brief entry (see People v Wiggins, 126 AD3d 1369, 1370 [4th Dept 2015]; People v Binion, 100 AD3d 1514, 1516 [4th Dept 2012], lv denied 21 NY3d 911 [2013]; People v Dibble, 43 AD3d 1363, 1365 [4th Dept 2007], lv denied 9 NY3d 1032 [2008]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court