People v Loveall (2025 NY Slip Op 02470)

People v Loveall

2025 NY Slip Op 02470

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

216 KA 23-00100

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW LOVEALL, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Oswego County Court (Armen J. Nazarian, J.), rendered July 19, 2022. The judgment convicted defendant upon a jury verdict of attempted rape in the first degree, attempted criminal sexual act in the first degree, and unlawful imprisonment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted rape in the first degree (Penal Law §§ 110.00, former 130.35 [1]), attempted criminal sexual act in the first degree (§§ 110.00, former 130.50 [1]), and unlawful imprisonment in the second degree (§ 135.05). We affirm.
Defendant's contention that County Court violated CPL 270.15 (2) with respect to the sequence for exercising peremptory challenges is not preserved for our review (see People v Stewart, 231 AD3d 1480, 1481 [4th Dept 2024], lv denied 42 NY3d 1054 [2024]; see generally People v Mancuso, 22 NY2d 679, 680 [1968], cert denied 393 US 946 [1968], rearg denied 27 NY2d 670 [1970]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention that he was deprived of a fair trial based on extraneous comments to defense counsel by the victim and remarks made by a witness is unpreserved for our review (see CPL 470.05 [2]; see generally People v Szatanek, 169 AD3d 1448, 1449-1450 [4th Dept 2019], lv denied 33 NY3d 981 [2019]).
Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that " 'the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Ultimately the jury was in the best position to assess the victim's credibility (see generally People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]), and we perceive no reason to reject the jury's credibility determination.
Contrary to defendant's contention, the People did not commit a Brady violation with respect to inconsistencies in the statements the witness made to police. The People learned from the witness only days before her trial testimony that some of the information in the police statement was wrong and that there were some things typed incorrectly by the stenographer. The People immediately provided that information to the defense. Thus, defendant failed to establish [*2]that "the evidence was suppressed by the prosecution" as required to establish a Brady violation (People v Fuentes, 12 NY3d 259, 263 [2009], rearg denied 13 NY3d 766 [2009]; see People v Carrasquillo-Fuentes, 142 AD3d 1335, 1339 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). In any event, even assuming, arguendo, that there was a delay in disclosing the evidence, "[i]t is well settled that a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (Carrasquillo-Fuentes, 142 AD3d at 1339 [internal quotation marks omitted]; see People v Vickio, 50 AD3d 1479, 1480 [4th Dept 2008]).
Defendant's sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court